## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LINDSAY RADABAUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:13-cv-00724-TWP-TAB |
| | ) | |
| GREENE & COOPER, LLC and DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

### ENTRY ON MOTION TO DISMISS OR TO QUASH SUMMONS

This matter is before the Court on Defendant Greene & Cooper, LLP's ("G&C") Motion to Dismiss or Quash Summons (Dkt. 6). G&C contends that Plaintiff Lindsay Radabaugh ("Ms. Radabaugh") sued a non-existent entity, failed to give proper service, and failed to state a claim for which relief can be granted warranting dismissal. Alternatively, G&C seeks a more definite statement. The Motion was filed on June 7, 2013, and to date, Ms. Radabaugh has not responded. For the reasons set forth below, G&C's Motion (Dkt. 6) is **GRANTED**.

## I. BACKGROUND

G&C is a law firm that initiates legal action to secure debts for its clients. In 2012, G&C contacted Ms. Radabaugh to collect on an outstanding debt and threatened to garnish her wages. Ms. Radabaugh alleges that G&C did not send the required written communications under the Fair Debt Collection Practices Act ("FDCPA) and claims G&C lied to and misled her.

Ms. Radabaugh's Complaint, alleging violations of the FDCPA by G&C, was filed on April 30, 2013. Service on G&C was attempted at its office in Georgia. A process server left the summons and complaint with the receptionist after the receptionist informed the process server

she was not authorized to accept service, nor was such a person in the office.  G&C timely filed

this Motion to Dismiss for failure to state a claim.

## II. <u>LEGAL STANDARD</u>

When reviewing a 12(b)(6) motion, the Court takes all well-pleaded allegations in the

complaint as true and draws all inferences in favor of the plaintiff.  *Bielanski v. Cnty. of Kane*,

550 F.3d 632, 633 (7th Cir. 2008) (citations omitted).  However, the allegations must "give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the

"[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)).  Stated differently, the complaint must include "enough

facts to state a claim to relief that is plausible on its face."  *Hecker v. Deere & Co.*, 556 F.3d 575,

580 (7th Cir. 2009) (citations omitted).  To be facially *plausible*, the complaint must allow "the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Federal Rule of Civil Procedure 4(h) governs the service of summons upon corporations,

partnerships, and associations.  Rule 4(h)(1)(A) states that service is to be made either under the

manner prescribed by Rule 4(e)(1).  Or, Rule 4(h)(1)(B) states that service can be made by:

> delivering a copy of the summons and of the complaint to an officer, a managing
> or general agent, or any other agent authorized by appointment or by law to
> receive service of process and—if the agent is one authorized by statute and the
> statute so requires—by also mailing a copy of each to the defendant.

Rule 4(e)(1) requires "following state law for serving a summons in an action brought in courts

of general jurisdiction in the state where the district court is located or where service is made."

The Indiana rule governing service of an organization requires service upon the general partner

of a partnership or an executive officer of an organization.  Indiana Trial Rule 4.6(A).

## III. DISCUSSION

G&C seeks three alternative forms of relief; dismissal or, that the summons in this matter be quashed, or that Ms. Radabaugh be required to file a more definite statement.  As an initial matter, the Court notes that Ms. Radabaugh's failure to respond to G&C's Motion operates as a waiver or forfeiture of her claim.  *Lekas v. Briley*, 405 F.3d 602, 614–15 (7th Cir. 2005) ("Our system of justice is adversarial and our judges are busy people.  If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning." (quoting *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999)).  Here, G&C asserts the Complaint should be dismissed because Ms. Radabaugh has sued a non-existent entity and the Complaint fails to state a claim under *Ashcroft v. Iqbal* 556 U.S. 662, 678; 129 S. Xt. 1937, 1950 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007).  Because Ms. Radabaugh has failed to present legal arguments supporting the "substantive adequacy" or "legal merit" of her complaint, the Motion to Dismiss is granted.  See *Lekas*, at 614.

Additionally, the Court finds that Ms. Radabaugh failed to properly serve G&C under either Rule 4(h)(1)(A) or 4(h)(1)(B).  The summons was left with a receptionist who informed the process server that she was not authorized to accept the service.  Regardless, the process server left the summons with the receptionist.  This does not satisfy the Rules of Civil Procedure. Therefore, the summons must be quashed. Because the motion to dismiss has been granted, the motion for more definite statement is moot.

## IV.  <u>CONCLUSION</u>

Accordingly, G&C's Motion to Dismiss or Motion to Quash Summons; Alternatively Motion for More Definite Statement (Dkt. 6) is **GRANTED**.  Ms. Radabaugh's Complaint is **DISMISSED without prejudice**.  If deficiencies of the complaint and service of process are not cured, final judgment will issue in 30 days.

**SO ORDERED.**

Date: <u>12/03/2013</u>

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Charlie William Gordon
GREENE & COOPER PSC
cgordon@greenecooper.com

Scott Edward Racop
RACOP LAW OFFICES, P.C.
racoplaw@aol.com